# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| RONALD D. LEONARD, <br>     Plaintiff, | Case No. 1:13-cv-097 |
| | Spiegel, J. |
| vs | Bowman, M.J. |
| SMOOT, <br>     Defendant. | **REPORT AND RECOMMENDATION** |

      Plaintiff, a former inmate at the Lebanon Correctional Facility who has since been released from prison, brings this civil rights action against defendant Smoot, the Lebanon Correctional Institution, Food Service Director, in his individual and official capacities. (Doc. 1, p. 2). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. 1915(e)(2)(B).

      In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. at 328-29;

*see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff, who is proceeding pro se, brings this action against defendant under 42 U.S.C. § 1983. Plaintiff's complaint alleges that he has been confined in disciplinary segregation since July 7, 2012. (Doc. 1, p. 2). During this time, he claims he has been served peanut butter, jelly

2

and two slices of bread to self-prepare a sandwich on Saturdays and Sundays. *Id*. Plaintiff alleges that defendant "has knowingly and recklessly- culpably – disregarded the health and safety of Plaintiff by Defendant's dangerous implementation of dispensing the (2) slices of bread in a hazardous and invested germitic (sic) infectious and contaminated manner." *Id.* Specifically, plaintiff alleges that inmate food servers are not required to wear hairnets and serve food with "contaminated hands, even though they wear rubber gloves." *Id.* at 3. Plaintiff claims that the food servers' hands become "germ infested" by taking food trays from the food tray port, which plaintiff asserts is roach-infested. *Id.* Plaintiff further alleges that the servers' hands are unsanitary because inmates are smuggling goods by hiding them "in a nasty and quite contagious manner. Located down inside the inmate food servers pants . . . coming in direct contact with their sexual private parts," before serving the meals. *Id.* at 4. (internal quotation marks and hyphens omitted). In addition, plaintiff claims that servers commonly sneeze and cough on their hands before serving the food, potentially exposing him to serious infectious diseases such as hepatitis C, tuberculousis, HIV and AIDS. *Id.* at 4-5. He alleges that defendant is personally aware of the serving practices, as the servers are recorded by cameras within the facility. *Id.* at 4.

Based on the above facts, plaintiff alleges that defendant violated his Eighth Amendment rights. He asserts that by implementing a dangerous food serving policy, defendant has effectively forced plaintiff to endure a nineteen-hour span with no food and knowingly subjected him to cruel and unusual punishment.

For relief, plaintiff asks the Court to issue an expedited temporary restraining order requiring defendant to begin serving bread enclosed in approved sandwich bags, which he claims are used in all other Ohio prisons. *Id.* at 6. In addition, plaintiff seeks compensatory damages of

3

$500,000; a determinative amount in nominal damages; and $350,000 in punitive damages.  *Id.*

The Eighth Amendment requires prison officials "to provide humane conditions of confinement" and to "ensure that inmates receive adequate food, clothing, shelter, and medical care. . . ."  *Farmer v. Brennan,* 511 U.S. 825, 832 (1994).  "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment."  *Ivey v. Wilson,* 832 F.2d 950, 954 (6th Cir. 1987).  Rather, "[t]he Eighth Amendment is concerned only with 'deprivations of essential food, medical care, or sanitation,' or 'other conditions intolerable for prison confinement.'"  *Richmond v. Settles,* 450 F. App'x 448, 455–56 (6th Cir. 2011) (quoting *Rhodes v. Chapman,* 452 U.S. 337, 348 (1981)).  Therefore, to establish an Eighth Amendment violation, a plaintiff must first demonstrate objectively the unique deprivation of "the minimal civilized measure of life's necessities."  *Id.* at 454 (quoting *Rhodes,* 452 U.S. at 347); *see also Brown v. Bargery,* 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer,* 511 U.S. at 834) ("[T]he inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.").  He then must subjectively show the defendant acted "wantonly," with "deliberate indifference to the plaintiff's serious needs."  *Richmond*, 450 F. App'x at 455 (citing *Farmer,* 511 U.S. at 834).

In this case, plaintiff's allegations do not rise to the level of an Eighth Amendment violation.  First, to the extent that plaintiff bases his claim on his confinement in disciplinary segregation, he has failed to state a claim upon which relief may be granted.  "Because placement in segregation is a routine discomfort that is a part of the penalty that criminal offenders pay for their offenses against society, it is insufficient to support an Eighth Amendment Claim."  *Murray v. Unknown Evert,* 84 F. App'x 553, 556 (6th Cir.2003) (citing *Hudson v. McMillan,* 503 U.S. 1, 9

4

(1992)).

Moreover, the discomfort experienced by a prisoner when some meals are denied over a short period of time does not rise to the level of "wanton infliction of pain" so long as the prisoner continues to receive adequate nutrition. *Richmond,* 450 F. App'x at 456. Although plaintiff claims that by refusing to eat the bread served on Saturday and Sunday mornings he is forced to go nineteen hours without food, this does not amount to cruel and unusual punishment under the Eighth Amendment. *See Cunningham v. Jones,* 667 F.2d 565, 566 (6th Cir. 1982) (serving a prisoner one meal per day for fifteen days did not violate the prisoner's Eighth Amendment rights where that meal was sufficient to maintain normal health for the 15–day time period). *See, e.g., Wilson v. Johnson*, 385 F. App'x 319, 320 (4th Cir. 2010) (finding that the plaintiff stated a cognizable Eighth Amendment claim regarding inadequate nutrition when he asserted that he lost twelve pounds in a month because of inadequate portions). Plaintiff has neither alleged that the meal plan at the Lebanon Correctional Institution deprives him of adequate nutrition, nor has he alleged any harm as a result of the allegations in the complaint. *See, e.g.*, *Price v. Jones*, Case No. 1:12-cv-360, 2012 WL 1854299, at *4 (S.D. Ohio May 4, 2012) (Report and Recommendation) (Dlott, J.; Litkovitz, M.J.) (recommending dismissal of Eighth Amendment claim based on the plaintiff's failure to allege that his health suffered as a result of alleged inadequacies in the prison meal plan), *adopted* 2012 WL 2269265, at *1 (S.D. Ohio June 18, 2012); *White v. Gregory,* 1 F.3d 267, 269 (4th Cir. 1993) (finding the allegation that the plaintiff was forced to go without food for eighteen hours on the weekends failed to rise to a violation of the Eighth Amendment without any showing of deleterious effects of the meal plan).[1]

---

[1] To the extent that plaintiff bases his Eighth Amendment claim on the fact that his sandwich bread is not served "enclosed in approved sandwich baggies," plaintiff also fails to state an Eighth Amendment claim. *See Murnahan v.*

5

Finally, plaintiff's allegations regarding his potential exposure to infectious diseases are also insufficient to state an Eighth Amendment claim. Plaintiff has not alleged that he has in fact been exposed to any person infected with or contracted any disease as a result of the food service procedures. *See Cummings v. Middletown Ohio City Jail*, No. 1:08-cv-248, 2008 WL 1849172, at *4 (S.D. Ohio April 23, 2008) (dismissing conditions of confinement claim after finding that the plaintiff failed to allege how he was personally affected or harmed by the alleged conditions); *see also McGowan v. Cantrell*, Case No. 1:05-cv-334, 2007 WL 2509704, at *11 (E.D. Tenn. Aug. 30, 2007) (dismissing the plaintiff's Eighth Amendment claim regarding exposure to contagious diseases because the complaint failed to allege that an infected inmate was actually in the institution or that plaintiff was exposed to any infectious diseases). Plaintiff's speculative allegation that "infectious pathogens" on his bread "may well contain serious, transferable life-threatening infectious and incurable diseases," (Doc. 1, pp. 4-5), is insufficient to establish that he has been denied "the minimal civilized measures of life's necessities" or that "he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834 (internal citations omitted). Therefore, plaintiff has failed to state an Eighth Amendment claim against defendant Smoot.

Accordingly, in sum, the undersigned finds that plaintiff's complaint fails to state a claim upon which relief may be granted. Therefore, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

*Daily,* No. 89–3285–S, 1990 WL 203139, at * 3 (D. Kan. Nov. 28, 1990) ("A prisoner has no constitutional right to have his meals covered when they are served in his cell."); *Featherman v. DiGiacinto,* 617 F.Supp. 431, 434 (E.D.Pa.1985) (finding no constitutional right to have covered food brought to cell).

**IT IS THEREFORE RECOMMENDED THAT:**

1.  Plaintiff's complaint be **DISMISSED** with prejudice on the ground that plaintiff fails to state a claim upon which relief may be granted.

2.  The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal in forma pauperis.   Plaintiff remains free to apply to proceed in forma pauperis in the Court of Appeals.   See *Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

   *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

RONALD D. LEONARD,  
    Plaintiff,

vs

SMOOT,  
    Defendant.

Case No. 1:13-cv-097

Spiegel, J.  
Bowman, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).